# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT
Case Number: 13-1375



| | |
|---|---|
| BOBBY CHEN<br>39-15 Janet Place<br>Flushing, New York 11354, * | District Court case number :( 1:11-CV-03227-GLR) |

       Plaintiff *

V.

MAYOR & CITY COUNCIL OF *
BALTIMORE
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202 *

and *

MICHAEL BRAVERMAN *
Department of Housing and Community
Development of Baltimore City *
417 E. Fayette Street
Baltimore, Maryland 21202 *

and *

JEROME J. DORICH, JR. *
Department of Housing and Community
Development of Baltimore City *
417 E. Fayette Street
Baltimore, Maryland 21202 *

and *

WILLIAM BOLDEN *
Department of Housing and Community
Development of Baltimore City *
417 E. Fayette Street
Baltimore, Maryland 21202

and *
P&J CONTRACTING COMPANY, INC.*
3010 Ridgewood Avenue
Baltimore, Maryland 21215, *
Defendants

MOTION FOR COURT APPOINTED COUNSEL

NOW COMES, the Appellant, Bobby Chen, hereby respectfully requests this Court to appoint a lawyer to represent him and states as follows

1. The Appellant filed his Notice of Appeal to district Court in Baltimore on March 20, 2013, and the case number in the COURT of Appeals for the Fourth Circuit was issued on March 21, 2013. The case is pending in this Court now.

2. The Appellant has a strong case. The defendants razed Plaintiff's residential property without notice. There was neither valid reason nor Court proceeding for the demolishing. When the Appellant came back from New York he found his house was been demolishing and all personal property including TV and computers were disappeared. He surprised but nobody told him the reason why it happened. He could do nothing to get his property back. This kind of thing is not the uncommon thing in Baltimore. If this matter cannot be taken to justice, regular people have no protection.

3. This case becomes more complicated because Defendants' lawyers used every minor procedural method to dismiss the caser.

4. Although Fed R. Civ P. 4(m) dismissal is without prejudice Plaintiff cannot re-file the complaint as the Plaintiff's Statute of Limitations has passed and he would be barred from re-filing the instant case.

5. There is big difference between Pro Se and lawyer. First of all, Lawyer received professional training. Secondly, with a lawyer, the case can be processed faster. For example, when plaintiff had a lawyer the case progressed fast and kept simple, the Court denied unreasonable motions, such as partial dismissal of punitive damages, and processed the case in normal track toward trial. However, when plaintiff lost his lawyer,

the case was dismissed because an incorrect address was reported. In the 2011 case, if there was a lawyer, the problem would not occur because lawyer could receive Summons right away in the filing room rather than waiting for the mail while Pro Se cannot.

6. The Appellant does not have law degree and does not know the procedure. Any mistake, no matter how small, could result in big damage to his case. His cases have been dismissed twice although he did not do anything wrong.

7. The Appellant cannot afford a attorney to represent him before the Court of Appeals.

WHEREFORE, the Appellant respectfully requests that this Honorable Court appoint a counsel to represent him.

Respectfully submitted,

By: *(signature)*

Bobby Chen

13-1375

# **CERTIFICTION OF SERVICE**

I hereby certify that, a copy of the foregoing MOTION FOR COURT APPOINTED COUNSEL and Motion to Suspend Briefing Schedule were served on **Nesbitt, Kristen Nichole, One South Street, 20th Floor Baltimore, MD 21202** via first class mail, postage prepaid, on 6/10/2013.

By
*Bobby Chen*
Bobby Chen
The Plaintiff of the
case 13-1375
bobchen344@yahoo.com