# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT
### Case Number: 13-1375

==========================================

BOBBY CHEN                        District Court case number :( 1:11-CV-03227-
GLR)
39-15 Janet Place
Flushing, New York 11354, *

      Plaintiff *

V.

MAYOR & CITY COUNCIL OF
BALTIMORE
100 N. Holliday Street, Room 101
Baltimore, Maryland 21202 *

And

MICHAEL BRAVERMAN *
Department of Housing and Community
Development of Baltimore City *
417 E. Fayette Street
Baltimore, Maryland 21202 *

And

JEROME J. DORICH, JR.
Department of Housing and Community
Development of Baltimore City *
417 E. Fayette Street
Baltimore, Maryland 21202 *

And

WILLIAM BOLDEN *
Department of Housing and Community
Development of Baltimore City *
417 E. Fayette Street
Baltimore, Maryland 21202

And *
P&J CONTRACTING COMPANY, INC.
3010 Ridgewood Avenue

RECEIVED
U.S. COURT OF APPEALS
FOURTH CIRCUIT
2013 JUL -3 PM 12: 05

Baltimore, Maryland 21215, *
Defendants

# INFORMAL BRIEF

NOW COMES, the Appellant, Bobby Chen, hereby files his informal brief as follow:

## JURISDICTIONAL STATEMENT

This action is the appeal of an order, which dismissed plaintiff's complaint, from the U.S. District Court for the District of Maryland. The District Court case number is 11-cv-3227. On February 22, 2013, the District Court entered an order to grant defendant's "Motion to Dismiss", vacating the Court's previous order and entering a final judgment to dismiss the case. On March 20, 2013, Appellant/Plaintiff filed a Notice of Appeal. United States Court of Appeals for the Forth Circuit has jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF THE CASE

For the purpose of dismissing the case, the defendants argued that the Court had no discretion to give Plaintiff an extension of time if there is no good cause. The only way the Court may grant an extension is by Plaintiff showing good cause. Then they indicated that Chen had no good cause so Judge Benson E. Legg was wrong to determine that Chen had a good cause and gave an extension. So the order should be vacated. The case was dismissed by Judge George L. Russell III even after Chen completed the service within

the 60 days extension period permitted by said order. While, the defendants filed an untimely motion, which was 78 days later, Judge Russell III still granted that motion.

## STATEMENT OF FACTS

Plaintiff, homeowner Bobby Chen avers that after he came back from a trip he found his house was demolishing and all personal his belonging had disappeared. He was surprised, shocked, depressed and sad but could do nothing.

On or about November 12, 2008, the Department of Housing and Community Development of Baltimore City razed Plaintiff's residential property without notice and an opportunity for a pre-deprivation, adversarial hearing, in order to conceal the damage to Plaintiff's property caused during the demolition of an adjacent property owned by the Mayor & City Council of Baltimore. There was neither valid reason nor Court proceeding for the demolishing i.e. the Plaintiff's property was taken with the notice and hearing required by the Due Process clause of the United States Constitution. Goldberg v. Kelly, 397 U.S. 254 (1970).

A lawsuit was filed in early 2010, Chen I, through a lawyer who worked on a contingency fee. In Chen I he Defendants sought for partial dismissal of punitive damage, but it was denied by the Court. Later the action was dismissed just because of a wrong address which was not provided by Bobby Chen. On November 10, 2011, the Plaintiff filed the action again. The action seeks compensatory and punitive damages for the deprivation of Plaintiff's rights protected by the Fourteenth Amendment to the United States Constitution and the Maryland Constitution, and the surprise demolition of his

home apparently with all personal belongings inside, or removed and concealed from him.

Plaintiff, Bobby Chen, went to the district Court in Baltimore and filed complaint. Meanwhile, he prepared Summonses and asked clerk to sign the prepared Summons. He planned to give the Summonses to a process service in Baltimore to serve them on defendants that same day. However, he was unable to get the summons that time at the office. He was told that the Summons will be signed later and mailed to him because he was a *pro se* rather than working through a lawyer no matter whether or not the filing fee was paid. Thus, he requested the U.S. Marshal to serve the summons and complaint on the Defendants because he felt it was difficult to control process service through long distance (he lived in New York after the Baltimore home was demolished). Plaintiff had never received summonses, and he thought the U.S. Marshal had served or would serve them on defendants. So he was waiting for the Defendants' answer to the Complaint.

When he received "ORDER TO SHOW CAUSE why his case should not be dismissed" entered March 22, 2012, Plaintiff was very surprised. Plaintiff called Court clerk's office to ask for details and checked Court documents, and then he found that the Summons was issued on 11/28/2011 and there was an order for processing service. The Plaintiff told the clerk that he wanted to serve the Summons and Complaint on Defendants in the next day, March 27, 2012 by a private process service, because it was still within 120 days from Nov. 28, 2011 which is the date when the summons was issued. He asked clerk to give him the Summons because he did not have the Summons. The clerk told him that he needed show cause within 21 days and submit a request for a new Summons.

The Appellant/Plaintiff responded the show-cause order, specifically asking the Court to grant an extension "for good cause shown," and the Court issued an Order to **Grant of Extension of Time to Effect Service of Process for 60 days** on April 16, 2012. (Entries 8 & 9 on the docket). Chen hired process service, Mr. Robinson and Mr. Deng to serve Summons and Complaint on defendants. On June 12, 2012 summons and complaint was served on Defendants, this was before the expiration of the 60 day extension. Actually they were served twice. Docket entry 12 (July 22, 2012). The court accepted this as good service and allowed the case to proceed.

On June 7, 2012, Former chief Judge Benson Everett Legg retired and no longer handled this case. A new judge, George L. Russell III, from Baltimore city, was assigned to handle this case. On June 21, 2012, six days after the deadline, or one day before Summons Returned Executed was received by clerk's office, Judge Russell III dismissed the case without any motion because he wanted to dismiss the case and he believed the Summons had not been served within 60 days extension period. On June 22, 2012, the very next day, Summons Executed affidavits and evidences, including signed certified mail receipts, were received by the Court, showing the service were completed within 60 days of the April 16, 2012, Judge Russell III vacated his Order to Dismiss, and the case was reinstated. Docket entry 13 (July 22, 2012). Lawyers and other litigants returning Summons 10 days after the service is common thing because making affidavit by the server and sending evidence by mail cost time. On July 3, 2012, though having actual notice of the Complaint, rather than answer the Complaint, Municipal Defendants filed a motion to vacate the order issued on April 16, 2012, which gave Plaintiff Chen 60 days extension. The Appellant/Plaintiff filed response to the motion, pointed out that the

defendants' motion was filed untimely, and it should be denied by local rule 105 (10).
Also, the Plaintiff responded all the questions on Defendants' motion. When Defendants
replied Chen's response, Chen filed a motion for leaving to file Answer to "Municipal
Defendants' Reply". After 6 months waiting period, Judge Russell III granted
Defendant's motion to vacate the April 16 order and dismissed the whole case. (See
Exhibit A).

Throughout, Defendants have criticized Chen's lack of diligence and Plaintiff
takes issue with this. Plaintiff Chen has been extremely diligent and hard working in this
case. Plaintiff is not a lawyer and had never been trained in law field. Reading,
researching and writing take Plaintiff many more hours than a lawyer, especially when
the obtuse language of the law is involved, and many cases and rules must be read and
researched. In addition Plaintiff is prosecuting this case from another state, a distance of
hundreds of miles, and this is a hardship was caused precisely by the Defendants
knocking down Chen's Baltimore house with all his personal belongings inside. Plaintiff,
after suffering a delay by unreliable contingent fee lawyer had to learn the law,
coordinate the case long distance, and find new home and all personal belongings and do
so without many lost critical records. Meanwhile he had to make living. Judge Benson
Legg understood these things when he granted Plaintiff's request for extension based "for
good cause." Docket entry 9 (April 16, 2012). (See attached copy of Docket sheet)


## STATEMENT OF ISSUES

In order to reconsider or vacate a Court order, moving party must (a) prove the
Judge made an error, and (b) file motion to reconsideration within limited time frame.

The Defendants' strategies were:

(1) Denying their filing was untimely by arguing that they were not aware of the order entered on April 16, 2012, which gave Chen 60 days extension.

(2) Denying the Court has discretion to give extension even without good cause. If the defendants had admitted the law that court had authority to make discretionary extension, they would have no argument because a "good cause" was not needed and they could not say Judge Benson Legg made error for him to give Chen 60 days extension. They had to argue that the Judge did not have the discretion then they could get to next step which was arguing that Chen had no good cause. They did.

(3) Denying Chen had a good cause.

Judge Russell agreed to the defendant's view.

So, the **issues are:**

(1) Whether or not defendant's untimely filed motion should be considered and granted?

(2) Whether or not the law allowed courts to extend the service period for plaintiff who fails to meet the 120 days service requirement, even if the plaintiff cannot show good cause for the delay? Whether or not Judge Benson Legg made error if he gave the plaintiff a discretionary extension?

(3) Whether or not Chen had good cause for the delay? Whether or not Judge Benson Legg made error if he gave the plaintiff an extension based on good cause?

(4) What are the court's credits and the influence for the future if this case is affirmed?

## ARGUMENTS

**Argument 1.** Judge Russell III wrongfully granted an untimely filed motion which was violate law. So this decision should be vacated.

On July 3, 2012, defendants filed a motion to vacate the Court's Order issued on April 16, 2012. It was 78 days after entry of the order.

According to Local Rule 105 (10): "...any motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order."

Defendants argued that (1) they were not aware of the order; (2) according to <u>Omega</u> case the defendant had right to file motion untimely. Judge Russell III copied defendants' argument as his opinion. (See his Memo).

Appellant/Plaintiff argued that:

(1) 14 days is from the date of the entry of the order rather than the date of Defendants' knowledge. Otherwise, everybody can file motion late by telling Court that they were aware of the matter at later date.

(2) Even from the date of Defendants' knowledge, they still filed the motion later than 14 days. Defendants were served complaint on June 12, 2012 then they focused on filing the motion to vacate the order rather than answering the complaint. So they knew or should know the rule 105 (10). But they filed the motion on July 3, 2012, one week after the 14 day limitation had expired, even from the latest date the Defendants can possibly claim they gained actual knowledge of the Complaint. Defendants do have fault of their own so their motion should be denied.

(3) The case example used by Defendants was without merit. Rule 105 (10) was very clear and any judge should follow the law. If a previous judge did not pay attention to the law or made mistake, other judge should not follow the decision when they knew the law. In the instant case, the Appellant/Plaintiff argued the Rule 105 (10) matter in his Response to Motion and in Motion for leaving to file Answer to "Municipal Defendants' Reply", Judge Russell III knew the Rule 105 (10) clearly.

(4) Rather than Federal Rule of Civil Procedure 4(m), Rule 105 (10) did not allow a later filing without prior application. Otherwise, after case being trialed a losing party may file a motion to dismiss the case. Other rules, such as Rule for statue of limitation, are similar to this Rule.

(5)The case examples used by Defendants are all distinguishable from this case:

(i) In <u>Omega</u>, Judge Ellen Hollander stated:"… However, the extension is granted without a finding as to whether plaintiff has shown good cause, or any other "reasoned basis" for the extension. Then she gave Defendants extra time to move to vacate the extension by pre-order. In that event, she would again consider the propriety of the extension. That means" bad cause but extended under condition". However, in Chen's case, the Judge did not say the extension is granted without good cause. After he read Plaintiff's answer to "show cause" he determined granting the extension rather than dismissal. That means the Court determined Plaintiff had a good cause so that the Court gave unconditional extension. Also, the Court did not give Defendants extra time to vacate the order. Thus, the Defendants had 14 days to file motion by the Rule.

(ii)In addition, the plaintiffs in above cases were not Pro Se and had no Statue of Limitations problem. The two facts are pointed out by Advisory Committee Notes (See bellow arguments).

In Short, local rule 105 (10) is clearly indicated that mover has 14 days to file motion. Defendants do have fault of their own: defendants filed motion later than the 14 days deadline from the date either the order was entered or they knew the order. The defendants did not file any request for extension or received any prior order from Court. Thus, their motion should be denied. Judge Russell wrongfully granted this untimely filed motion so the judge's order entered on Feb. 22, 2013 should be vacated.

**Argument 2.** Does Rule 4(m) allow Courts to extend the service period for plaintiff who fails to meet the 120 days service requirement, even if the plaintiff cannot show good cause for the delay? Did Judge Benson Legg make serious error to give Chen 60 days extension, at least by his discretion, even if Chen was not show good cause?

Defendants argued that the district court has no discretion in allowing a time extension beyond that limit absent a showing of good cause" (See Exhibit B). Thus they concluded that Judge Benson Legg was wrong. Judge Russell III agreed with Defendants' argument.

This is an important issue. If the Law allows court to give discretionary extension, "good cause" was not necessary. Thus, they could not say Judge Legg made error then there was no basis for dismiss Chen's case.

Defendants were wrong and their argument was without merit.

a) Defendants misinterpreted the law as Rule 4(j)...had not been amended substantively and was simply renumbered as Rule 4(m) in 1993. In fact, Rule 4(j) was not only renumbered as new Rule 4(m) but also was amended as "the extension is the

necessary if there is good cause but the good cause is ***not the necessary*** for the extension…"

b) According to the Advisory Committee Notes:" The new subdivision… authorizes the Court to relieve a plaintiff of a consequences of an application of this subdivision even if there is no good cause shown… Relief may be justified, for example, if the applicable ***statue of limitations*** would bar the re-filed action… The district court should also take care to protect ***pro se*** plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis.*

It stated that even if there is no good cause shown, the court should still take care to protect ***pro se*** *and* give the plaintiff whose ***statue of limitations*** would bar the re-filed action a relief by extending the time of service.

However, Defendants argued that "neither Pro Se status…nor the fact of the statue of limitations would expire…can constitute a basis for the grant of additional time…".

Certainly, defendant's argument was against Advisory Committee Notes. Defendant is a party of the case with own interests so they misinterpreted the law intentionally. Their argument should be denied because it was against the law.

c) Defendants used <u>Mendez v. Elliott</u> as an example. However, post <u>Mendez,</u> while considering Fed. R. Civ. Pro. 4(m) in <u>Henderson v. United States,</u> 517 U .S. 662 (1996) the Supreme Court stated: "Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period ***even if there is no good cause*** shown." <u>*Mendez*</u> , decided before the Supreme Court statement, can no longer be a good law.

d) Most Courts in determining whether to grant a discretionary extension where there

is no good cause followed the Advisory Committee notes: if a plaintiff fails to show good cause, the district court must still consider whether any additional factors, such as the running of a statute of limitations, would warrant a permissive extension of time. *See Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 341 (7th Cir.1996); *Thompson v. Brown,* 91 F.3d 20, 22 (5th Cir.1996); *Espinoza v. United States,* 52 F.3d 838, 841 (10th Cir. 1995); *and Petrucelli v. Bohringer & Ratzinger, GMHB,* 46 F.3d 1298, 1307-08 (3d Cir.1995). *United States v, Mclaughlin, 470 F. 3d 698, 700-01(7 Cir. 2006).*

e) Judge Russell III knew the law permits the district courts to enlarge the time for service "even if there is no good cause shown" very clear. He indicated in his memo about the Advisory Committee Notes and the Supreme Court's interpretation. Also, he stated that other judges in the 4th circuit considered "that Mendez was no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) put forth by the Supreme Court and the other circuit courts." (See Exhibit C). However, he contradicted himself by saying: "this Court joins the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez." (See Exhibit D). Thus, Judge Russell III agrees with the Defendant's argument that the court has no discretion in allowing a time extension without good cause.

Judge Russell confused the concepts among the law, other judges' choice and the requirement in vacating a previous court order.

Here, (i) the "recent groundswell of cases affirming the import of the good cause requirement announced" did not represent the most of cases in the 4th Circuit. There were many judges used their discretion to give extension without good cause shown. (See

Omega, Ellen Hollander stated:"... However, the extension is granted without a finding as to whether plaintiff has shown good cause...).

(ii) The law is set up by Congress and interpreted by the Supreme Court. Lower courts need follow the law rather than change it. Rule 4(m) itself, Advisory Committee's Notes, the Supreme Court's interpretation and other Courts' decisions are very clear: that Mendez was no longer good law.

(iii) Even if many judges join in Mendez by their discretion, those choices do not change the law so that their decisions do not prevent other judges from using their discretion to enlarge service time even without good cause.

(iv) That "this Court" (Judge Russell III) wants to join in Mendez does not mean Judge Legg was wrong because Russell's discretion does not change the law. For Judge Benson Legg to be wrong Judge Russell must show that the law did not allow Judge Legg to use his discretion, and he did not prove that. In fact, it is impossible for anyone to prove that Judge Legg has no authority to use his discretion because the law is very clear and Judge Russell admitted it before.

(v) That Judge Russell III used his choice, nothing more, to replace the law and the already imposed Order of Judge Benson Legg, sound exercise of discretion, was wrong.

(vi) Moreover if the only way to grant an extension in this Circuit is by a showing of good cause than Judge Benson Legg's Order dated April 16, 2012 necessarily was a finding of "good cause" even without the inclusion of the "magic words" because it is improper to assume the Judge would enter an Order contrary to the law when that Order can be read to comply with the law and also fulfill the Judge's intentions. This is a long established principle of the law.

(vii) Judge Benson Legg had zero percent (0%) error for extending Plaintiff's service time. Judge Benson Legg considered the factors allowing the Court's discretionary extension of service time provided by the Advisory Committee Notes or other Courts' decisions, such as pro se, statue of limitation, excusable neglect, and lack of prejudice of defendants..., and made 100 % correct decision.

(viii) Judge Benson Legg followed the law closer than some others. The law clearly allows a Court give discretionary extension. So some judges who denied that discretion were wrong. Even if it does not allow such discretion, Judge Benson Legg clearly had opportunity to, and did, find Plaintiff had good cause in issuing the April 16, 2012 extension.

In short, in order to vacate previous Court order, Judge Russell must prove that order was wrong. It means he must show that the law did not allow Judge Benson Legg to give Chen the discretionary extension at all. However, there was no such proof. Conversely, the law was very clear to authorize Legg the discretion to extend service time even if Chen cannot show a good cause. So the Court Order dated on April 16, 2012 **should not** be vacated.


**Argument 3.** Whether or not Chen has Good Cause? Whether or not Judge Benson Legg made error to accept that Chen has good cause?

Plaintiff hereby incorporates all the arguments stated above as though fully stated herein and made on behalf of this argument as well. Defendants argued that the Plaintiff had no good cause and Judge Russell agreed to defendants. Appellant/Plaintiff's arguments are:

1. The Court regarded Plaintiff's cause as a good cause. In the Show Cause Order, the Court ordered the plaintiff show cause why his case should not be dismissed (See Exhibit E). After Chen showed his cause, the Court stated:" in consideration of the Plaintiff's response...hereby ordered...re-issue summons and granted 60 days" extension (See Exhibit F). That means the Court regarded Chen's reason as good cause. (Logically, "if one could not show good cause then the case would be dismissed" means "if the case was not been dismissed after show cause, then the cause was good cause", i.e., "if A then B" means "if not B then not A"). Otherwise, the case would be dismissed in April, 2012.

2. Different judges may have different standards and opinions. In order to vacate Judge Benson Legg's order, Judge Russell must prove judge Legg made mistake i.e. an abuse of discretion rather than just use his own standard to deny a previous validly entered decision. To do anything less is an abuse of Plaintiff's right to due process and a fair hearing.

3. Clearly the facts stated in Chen's April 11, 2012 Response to Order to Show Cause were enough for a reasonable Judge to find Chen had stated a good cause.

4. Judge Russell III showed confusion in this issue. He admitted that there was a good cause for plaintiff so that the Court gave 60 days extension in his June 21, 2012 order. (See Exhibit G). However, in order to dismiss Chen's case, he changed and stated there was no good cause for Chen.

5. Judge Russell III used some particular case examples to replace the common sense of "Good Cause". He concluded that:"...a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process",

(evasion), "plaintiff experienced difficulty in obtaining defendant's address" (no address), "plaintiff was misdirected by court personnel..." (misdirected), "a defect in the attempted service was not revealed by the defendant..." (no revealed). We use "4 particular cases" to represent the above examples. But all his examples are special aspects of the common principle.

"Good Cause" includes but not limited the Common Principle: outside uncontrolled factors prevent plaintiff from effecting service. Accordingly, "Common Principle" includes but not limited the particular cases like Mr. Russell's "4 particular cases" (Good Cause>Common principle>particular cases). The world is complex and cases are various. So lawmaker used wide range concept "Good Cause" as the standard to determine the necessary extension requirement. Otherwise, the law should be changed to the "4 particular cases" which will easy to follow by all judges.

6. All examples used by Judge Russell III are different from Chen's case: Judge Russell was talking about the cases which plaintiff did not complete service on time when they held the summons. However, in the instant case, Chen had no summons which was outside factor prevented him from the service.

7. Plaintiff's reason for the delay was a Good Cause.

a) The Common Principle or common standard of the Good Cause is when some outside factor[s,] such as

reliance on faulty dvice... prevented service." *Prisco v. Frank*, <u>929 F.2d 603</u>, 604 (11th Cir.1991)

b) In the instant case, Plaintiff was unable to get summons at the filing room because he was a Pro Se. He learned that he could use U.S. Marshal Service. He requested that service by writing because he was not living in Baltimore and it was hard to control the process service over long distance. He was told that the summons would be issued and mailed later, but he never received the summons. Although he believed the U.S. Marshal would complete the service, he did not have the summons is the key factor for the delay. If he had received the summons, he would have known that Marshal would not do the service for him. Thus, he would serve the summons on the defendants. He did not know pro se cannot receive summons at the same day, using marshal service needs an order and getting a summons needs an order. Conversely, in local Courts, those processes are different.

c) Although loss of mail in a busy holiday season is not uncommon thing, Chen was the victim of the mail lost. That was outside factor prevented him from the service.

d) Plaintiff had worked hard to diligently prosecute this action as stated above in the Facts. Plaintiff has a strong case and he is a victim of the defendants' violation of the law. He did research and talk to different people about the matter during the period from the first case being dismissed and the second case being filed. This case is very important to Plaintiff so he has spent a lot of time, energy and money. Chen is not a lawyer and has never been trained in the law field. So he spent much more time than a lawyer to litigate this case. His home was demolished by defendants and all personal belonging including TV, computers, clothing and furniture were stolen by defendants. During the 120 days period, Chen had to work hard for making living. He

had to rent a house and buy personal belonging which were necessary for living. Also, he needed struggle to illness. He respected the Court and thought that he should not bother Court when the case is pending. (Later, in January, 2013, he called the court to check the case status because motions had been pending for 5 months. The answer was "waiting for the notice by mail") He trusted Marshal's service. Now it becomes defendant's weapon to dismiss his case.

e) That Chen told the Court his effort after 3/24/2012 is for telling them his effort rather than blame clerk. When he received the order to show cause, he tried to complete the process service right away. The Plaintiff called the Court clerk's office to check case status and ask summons. The summons was not issued on the filing day because Chen was not a lawyer no matter whether or not the fee was paid. So actually the plaintiff had less than 120 days from the summons became available to March 24, 2012.

f) Defendants blamed Chen that he did not seek an extension prior to the lapse of the effective period of the summons. However, the Plaintiff did not know he needs an extension because he thought the U.S. Marshal had completed the service. If he had gotten the summons and the order, he would have served the summons on Defendants before the deadline. If he needed more time, he would seek an extension prior to the lapse of the effective period of the summons.

g) Judge Russell blamed Chen that"Assuming that the U.S. postal service lost the mailing…Mr. Chen had no basis to think he could rest on his laurels while the time wasted away…" However, the Plaintiff did not know the mailing was lost. If he had known the lost he would have requested the Court to reissue summons and served them

on defendants. How could he take the action without knowing the mail lost? Why should he be liable to the mail lost?

In short, Plaintiff had Good Cause because outside uncontrolled factors prevent him from effecting service. As a victim of mailing lost he should not be punished by dismissal of his case. Also, Judge Legg was no error to accept Chen's reason as Good Cause. If it was a new case presented in the front of Judge Russell III, he could argue the good cause or not. However, here he vacate Judge Benson Legg's decision, he must prove Judge Benson Legg's error to admit Chen's reason as a good cause. He did not. So it does not meet the requirement for vacate Judge Legg's order.

**Argument 4.** Court credit and case sample

1. The Court issued an order to extend 60 days for plaintiff to effect service. The Plaintiff completed the service within the extension period. Then the Court vacated the extension and dismissed the case. What is the Court's credit? It happened just because the change of the judge rather than previous judgment was wrong.

2. If this judgment is affirmed, other judges may follow it. Then all previous order or judgments can be vacated in very later stage. Such as, when plaintiff win a jury trial, defendants can asking vacate a previous extension order and dismiss the case. Parties and courts will waste a lot of time, money and energy.

In Short, Chen's home and all person belongings were taken from him and one's home is his dream, source of stability and security in life and the Court should take care not to let such a wrong as the taking of someone's home escape Justice on dismissal based on a minor technicality.

## CONCLUSION

In order to grant a motion to vacate an order, the moving party must prove that order was serious error and file motion timely. In this case, Judge Benson Legg did not make any error, and the Motion to Dismiss was filed untimely. Judge Russell erred in vacating the existing order which could be, ***at least***, entered by Judge Legg's discretion allowed by the law. The error was so serious it has violated Plaintiff's right to due Process. Also, Judge Legg did make a finding that Plaintiff showed "good cause". That Judge Russell granted an untimely filed motion was wrong, too. Confusing the requirement to vacate an existing order to a new matter is without merit.

**WHEREFORE**, the Appellant/Plaintiff requests this Court to vacate Judge Russell's order, and reinstate Chen's case.

Respectfully submitted

By: *Bobby Chen*

Bobby Chen

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOBBY CHEN,                          :

     Plaintiff,                    :

v.                                   :
                          Civil Action No. GLR-11-3227

MAYOR & CITY COUNCIL OF              :
BALTIMORE, et al.,
                             :

     Defendants.                   :

                             :

## ORDER

In accordance with the foregoing Memorandum, it is hereby ORDERED that Defendants' Motion to Vacate Grant of Extension of Time to Effect Service of Process and to Dismiss the Complaint (ECF No. 14) is GRANTED. Additionally, Mr. Chen's Motion for Leave to File Surreply (ECF No. 19) is DENIED. The Clerk is directed to MAIL a copy of this Order to Plaintiff at his address of record and CLOSE the case.

SO ORDERED 22nd day of February, 2013

                              /s/

                          _____
                          George L. Russell, III
                          United States District Judge

**1:11-cv-03227-GLR** Chen v. Mayor & City Council of Baltimore et al

History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| 1 | *Filed:* | 11/10/2011 | Complaint |
| | *Entered:* | 11/14/2011 | |
| 2 | *Filed:* | 11/10/2011 | Jury Demand |
| | *Entered:* | 11/14/2011 | |
| 3 | *Filed & Entered:* | 11/17/2011 | Order |
| 4 | *Filed:* | 11/21/2011 | Miscellaneous Correspondence |
| | *Entered:* | 11/22/2011 | |
| 5 | *Filed & Entered:* | 11/28/2011 | Order |
| 6 | *Filed & Entered:* | 11/28/2011 | Summons Issued |
| 7 | *Filed & Entered:* | 03/22/2012 | Order to Show Cause |
| 8 | *Filed:* | 04/11/2012 | Response |
| | *Entered:* | 04/12/2012 | |
| 9 | *Filed & Entered:* | 04/16/2012 | Order |
| 10 | *Filed & Entered:* | 04/16/2012 | Summons Reissued |
| | *Filed & Entered:* | 06/07/2012 | Case Assigned/Reassigned |
| 11 | *Filed & Entered:* | 06/21/2012 | Order Dismissing Case |
| 12 | *Filed & Entered:* | 06/22/2012 | Summons Returned Executed |
| 13 | *Filed & Entered:* | 06/22/2012 | Order |
| 14 | *Filed & Entered:* | 07/03/2012 | Motion to Dismiss |
| | *Terminated:* | 02/22/2013 | |
| 15 | *Filed & Entered:* | 07/05/2012 | Rule 12/56 |
| 16 | *Filed & Entered:* | 07/10/2012 | Answer to Complaint |
| | *Filed & Entered:* | 07/11/2012 | Deficiency Notice |
| 17 | *Filed:* | 07/20/2012 | Response to Motion |
| | *Entered:* | 07/23/2012 | |
| 18 | *Filed & Entered:* | 08/06/2012 | Reply to Response to Motion |
| 19 | *Filed & Entered:* | 08/07/2012 | Motion for Leave to File |
| | *Terminated:* | 02/22/2013 | |
| 20 | *Filed & Entered:* | 08/08/2012 | Local Rule 103.3 Disclosure Statement |
| 21 | *Filed & Entered:* | 02/22/2013 | Memorandum Opinion |
| 22 | *Filed & Entered:* | 02/22/2013 | Order on Motion to Dismiss |
| 23 | *Filed & Entered:* | 03/20/2013 | Notice of Appeal |
| 24 | *Filed & Entered:* | 03/20/2013 | Transmission of Notice of Appeal and Docket Sheet to USCA |
| 25 | *Filed & Entered:* | 03/21/2013 | USCA Case Number |

# MEMORANDUM OPINION

THIS MATTER is before the Court on Defendants Mayor and City Council of Baltimore ("City") and individually named City Employees' ("City Employees") (collectively the "Defendants") Motion to Vacate Grant of Extension of Time to Effect Service of Process and to Dismiss the Complaint or, in the Alternative, to Dismiss the Complaint for Insufficient Service of Process. (ECF No. 14). Specifically, Defendants seek to dismiss counts I, II, IV, and V of Plaintiff Bobby Chen's Complaint. Also pending before the Court is Mr. Chen's Motion for Leave to File Surreply to Defendants' Reply. (ECF No. 19).

This case concerns Mr. Chen's allegations that the Defendants negligently, and in violation of the Due Process clause of the United States Constitution, deprived him of his property by razing his building in order to conceal damage caused by City Employees. At its core, however, this case represents yet another chapter in the seemingly never-ending saga concerning whether, in this circuit, a showing of good cause is required to extend the time for service beyond 120 days.

The issues before the Court are (1) whether the court erred in granting Mr. Chen a sixty-day time extension to effect service of process without requiring a showing of good cause, (2) whether, in the alternative, the Court should grant Defendants' Motion to Dismiss counts II and V of the Complaint against the City Employees due to insufficient service of process, and (3) whether Mr. Chen was afforded sufficient opportunity to contest the matters raised in Defendants' initial Motion.

The issues have been fully briefed and no hearing is necessary. See Local Rule 105.6 (D.Md. 2011). Because Mr. Chen failed to make a showing of good cause in his request to extend the time for service beyond 120 days, the Court will grant Defendants' Motion to Vacate Grant of Extension of Time to Effect Service of Process *and to Dismiss the Complaint. Mr. Chen's Motion for Leave to File Surreply* will also be denied because Mr. Chen was afforded sufficient opportunity to contest the matters raised in Defendants' initial Motion. Moreover, his Motion betrays his intentions to merely regurgitate old arguments.

I. BACKGROUND*fn1

A. Factual Background

Mr. Chen is the owner of a residential real property known as 1620 East Chase Street (the "Property"). Mr. Chen alleges he was in the process of rehabilitating the Property when the City, City Employees, and the City's contractor, P&J Contracting Company, Inc. ("P&J"), negligently damaged the Property while razing the adjacent row-house at 1622 East Chase Street, which is owned by the City. According to Mr. Chen, instead of repairing the damage they caused, Defendants determined to conceal their negligence and raze the Property on the pretext that it was an unsafe structure.

B. Procedural Background

Mr. Chen, through legal counsel, first filed this action in 2009. See Chen v. Mayor & City Council of Balt. (Chen I), 1:09-cv-00047 (D.Md. Nov. 19, 2009). After granting Mr. Chen's attorneys' motion to withdraw on August 27, 2009, the Court granted Mr. Chen an extension to file a Rule 16 Conference Statement, and ordered that Mr. Chen submit a status report by September 28, 2009, noting whether he had retained new counsel.

(Chen I, ECF Nos. 30, 33). The Court also imposed a deadline of October 28, 2009, for Mr. Chen to retain counsel. (Id.) After a second request for extension of time, and because Mr. Chen had failed to inform the Court of a workable address for receipt of notices,*fn2 the Court denied the request and dismissed Chen I without prejudice on November 10, 2009. (Chen I, ECF No. 40).

Mr. Chen filed this second action (Chen II) pro se on November 10, 2011, two days prior to what would have been three years from the date of the November 12, 2008 demolition of the Property. (Chen II, ECF No. 1). On November 28, 2011, the Court issued an Order directing the Clerk to prepare summonses and informed Mr. Chen in detail as to the manner in which service could be completed by references to the applicable federal and state rules. (Chen II, ECF No. 5). The Clerk's office mailed the Order and Summonses to Mr. Chen at the address he provided. The mailings were not returned to the Clerk's office as undeliverable.

The 120-day period for service lapsed on March 9, 2012, and on March 22, 2012, the Court issued a Show-Cause Order to Mr. Chen, querying why the case should not be dismissed without prejudice. (Chen II, ECF No. 7). Thereafter, on April 11, 2012, Mr. Chen sought an extension of time to effect service of process. (Chen II, ECF No. 8). In his memorandum, Mr. Chen provided three justifications for his failure to perform service: (1) he claimed he never received the Court's November 28, 2011 Order, or the Summonses; (2) he believed the U.S. Marshal's Office would make service on his behalf; and (3) the statute of limitations would bar his case if it was dismissed. (Chen II, ECF No. 8 ¶¶ 2, 4, 6). Persuaded by Mr. Chen's contentions, on April 16, 2012, the Court issued an Order granting Mr. Chen's request and provided a sixty-day extension to perform service. (Chen II, ECF No. 9). Mr. Chen was forewarned, however, that failure to effect service of process within the sixty-day extension would result in dismissal of his case without prejudice. (Id.)

As evidenced by the record, Mr. Chen made no effort at service of the second Summons until on or about June 12, 2012, just three days prior to its expiration. (See ECF No. 12). As a result of this, and because Mr. Chen did not file any record with the Court evidencing the completion of service by June 12, 2012, the Court dismissed Chen II.*fn3

Defendants now seek to have the case dismissed on grounds that the sixty-day extension requested on April 11, 2012 was improvidently granted, given Mr. Chen's failure to provide good cause for failing to perform service. Alternatively, Defendants contend that, at the very least, the Complaint should be dismissed against the City Employees due to insufficient service.

to grant the plaintiff a discretionary extension of time to effect service of process."). This assumption, however, is expressly contradicted by the Advisory Committee's Notes to Rule 4(m), which state that:

[t]he new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

Id. at 527 (quoting Advisory Committee's Notes on 1993 Amendments to Fed.R.Civ.P. 4(m)(emphasis added)).

More significantly, the Supreme Court has had occasion to interpret Rule 4(m) since Mendez. In Henderson v. United States, citing to the Advisory Committee's Notes to the 1993 Amendment to Rule 4, the Supreme Court reasoned that Rule 4(m) permits the district courts to enlarge the time for service "even if there is no good cause shown." 517 U.S. 654, 662 (1996). Although this interpretation was not central to the court's holding in Henderson, some Fourth Circuit courts have viewed it as sufficiently persuasive to consider it authoritative. In refusing to follow Mendez, for example, the court in Hammad stated that:

[i]n light of the Supreme Court's clear explication of the meaning of Rule 4(m) in Henderson to allow discretionary extensions of time for service of process, in conjunction with the other circuit courts' unanimous rejection of the Mendez court's position, this court concludes that Mendez is no longer good law and that, if given the opportunity, the Fourth Circuit perforce would adopt the interpretation of Rule 4(m) held by the Supreme Court and the other circuit courts.

31 F.Supp.2d at 527; accord Melton v. Tyco Valves & Controls, Inc., 211 F.R.D. 288, 289-90 (D.Md. 2002); Coates v. Shalala, 914 F.Supp. 110, 113 (D.Md. 1996).

The district court's analysis is persuasive, to be sure. And in unpublished decisions since Mendez, the Fourth Circuit has itself appeared to reverse course.*fn7 Yet, despite the apparent avalanche of cases within this circuit that question the validity of Mendez,*fn8 this Court's most recent decisions affirm the authority of Mendez. See Omega, 2012 WL 115422, at *5 n.2 ("To my knowledge, since Henderson, the Fourth Circuit has not revisited in a reported opinion the issue of good cause in regard to service of process."); Shlikas v. SLM Corp., No. WDQ-09-2806, 2011 WL 2118843, at *3 (D.Md. May 25, 2011) ("Because [plaintiff] has not shown good cause for his failure to effect proper service within the extended deadline, the court must dismiss the action.") (citations omitted); Tenenbaum v. PNC Bank Nat'l Ass'n, No. DKC-10-2215, 2011 WL 2038550, at *4 (D.Md. May 24, 2011) ("[W]hile Mendez may stand on shaky footing, it remains the law of this circuit.");

Tann v. Fisher, 276 F.R.D. 190, 196 (D.Md. 2011) ("In recognition of the stare decisis nature of the Mendez, Shlikas, and Tenenbaum decisions, I conclude that, because plaintiff has not shown good cause for extending the deadline for effecting service of process, I must dismiss this case."). This court joins the recent groundswell of cases affirming the import of the good cause requirement announced in Mendez.

1. The Nature of the "Good Cause" Requirement

Good cause "requires a showing that the plaintiff 'made reasonable and diligent efforts to effect service prior to the 120--day limit, which may include a showing that plaintiff's attempts at service were unsuccessful due to a putative defendant's evasion of process.'" Hai Xu, 2011 WL 2144592, at *2 n.3 (quoting Quann v. Whitegate--Edgewater, 112 F.R.D. 649, 659 (D.Md. 1986). Accordingly, the court may find good cause "where the plaintiff has 'taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action.'" Tenenbaum, 2011 WL 2038550, at *4 (quoting Vincent v. Reynolds Mem'l Hosp., Inc., 141 F.R.D. 436, 437 (N.D.W.Va. 1992)).

Other notable examples recognized by this Court include instances where (1) the plaintiff experienced difficulty in obtaining defendant's proper address; (2) the plaintiff was misdirected by court personnel as to proper procedure; or (3) a defect in the attempted service was not revealed by the defendant until after the time expired. Hoffman v. Balt. Police Dep't, 379 F.Supp.2d 778, 786 (D.Md. 2005). At bottom, "[t]he common thread amongst all of these examples is that the interference of some outside factor prevented the otherwise-diligent plaintiff from complying with the rule." Tenenbaum, 2011 WL 2038550, at *4.

"Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly." Hansan, 405 F.App'x at 794; see McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Indeed, this Court has previously observed that "in [the] context of [a] motion to dismiss [a] pro se plaintiff's complaint, . . . 'a mistaken belief that service was proper does not constitute good cause' and 'neglect and inadvertence do not suffice'". Tann, 276 F.R.D. at 193 (quoting Jonas v. Citibank, 414 F.Supp.2d 411, 416 (S.D.N.Y. 2006)).

2. Mr. Chen's Purported Showing of Good Cause

Mr. Chen has now had two opportunities to show good cause for his late service (i.e., his response to the Court's Show Cause Order, and Defendants' Motion to Vacate and Dismiss). In all instances, he provides decidedly unpersuasive variations on the theme that fault does not rest with him: (1)

he claims he never received the Court's November 28, 2011 Order, or the Summonses; (2) he believed the U.S. Marshal's Office would make service on his behalf; (3) he laments that the statute of limitations could bar the case if it is dismissed; (4) he argues that he worked hard to diligently prosecute this action; and (5) he contends that the Clerk's office provided him with incorrect information. (Chen II, ECF No. 8 ¶¶ 2, 4; Pl.'s Resp. to Mot. to Dismiss at 2-4, ECF No. 17). None of these reasons establish good cause.

Assuming that the U.S. Postal Service lost the mailing sent by the Clerk's office on November 28, 2011, Mr. Chen certainly had no basis to think that he could rest on his laurels while the time for performing service wasted away. To be sure, the rules demand otherwise. "The plaintiff is responsible for having the summonses and complaint served within the time allowed by Rule 4(m) . . . ." Fed.R.Civ.P. 4(c)(1). Moreover, notwithstanding the outside interference, courts require that a plaintiff be otherwise diligent. Tenenbaum, 2011 WL 2038550, at *4.

Here, Mr. Chen's actions speak louder than his words. Chen

I was dismissed on November 10, 2009, for failure to provide the Court with an accurate mailing address. (Chen I, ECF No. 40). Two years later, Mr. Chen filed his second action on November 10, 2011. In weighing whether Mr. Chen was otherwise diligent, it is certainly relevant that Chen II was filed just two days prior to what would have been the running of the statute of limitations on November 12, 2011. Similarly, Mr. Chen concedes that he made no efforts to serve the first Summons and indeed made no efforts to even inquire as to the status of the case until late March 2012, after the Summons had already expired. To be sure, only after Chen II had been dismissed did Mr. Chen provide the court with notice that the Defendants had been served on June 12 and 13, 2012. One would expect a conscientious party to file a motion for extension of time for service before the 120-day period expired. Mr. Chen did not. Thus, Mr. Chen's actions do not suggest that he was acting with the requisite degree of diligence.

Mr. Chen's mistaken belief that the U.S. Marshal would perform service is likewise inadequate to satisfy the good cause requirement. As noted above, a plaintiff's pro se status, neglect, inadvertence, or ignorance are impotent to show good cause. Indeed there is nothing in the record to support Mr. Chen's claim that he ever made a request that the U.S. Marshal perform service.

Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed.R.Civ.P. 4(c)(3). Rule 7(b) provides that a request for order must be by motion, which must be in writing, and state the nature of the relief and specific ground for making the request. Fed.R.Civ.P. 7(b). Consequently, two things needed to happen before Mr. Chen could expect service to be performed by a U.S. Marshal: (1) a written request for an order from the Court; and (2) an order granting Mr.

Chen's request that the U.S. Marshal serve process. There is simply no evidence that any of these steps occurred.

Mr. Chen's attempt to deflect blame on the Clerk's office for his lack of service is also without merit. In particular, Mr. Chen states that after he received the Court's March 22, 2012 Show-Cause Order with regard to the failure to serve process, he contacted the Clerk's office on March 26, 2012, and attempted to obtain the original Summons so that he could serve the City Employees the following day on March 27, 2012. Mr. Chen argues that he was still within the 120-day deadline at this time and contends that the clerk he spoke with misadvised that he would need to request reissuance of the Summons. (Pl.'s Resp. at 3).

Mr. Chen's argument is fatally flawed, however, because he is measuring the 120-days from the date the Summons was issued on November 28, 2011. Rule 4(m) makes clear that the 120-day period is measured from the filing of the complaint. Fed.R.Civ.P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed . . . .") (emphasis added). Mr. Chen filed the present action on November 10, 2011. The Summonses were not issued until November 29, 2012, because Mr. Chen failed to pay the filing fee until November 21, 2011. (Chen II, ECF No. 4). By March 26, 2012, the 120-day deadline had already lapsed. Thus, assuming the Clerk's office provided the advice Mr. Chen maintains it did, the advice was accurate.

Finally, "[t]he good cause inquiry . . . implicates the reason for failure to effect service, not the severity of the consequences." Tenenbaum, 2011 WL 2038550, at *5 (quoting Pellegrin & Levine, Chartered v. Antoine, 961 F.2d 277, 283 (D.C. Cir. 1992)). Accordingly, "it is of no moment that the statute of limitations may pose a barrier to a new complaint . . . ." Tenenbaum, 2011 WL 2038550, at *5; see also Mendez, 45 F.3d at 78 (noting that a dismissal without prejudice does not permit a plaintiff "to refile without the consequence of time defenses, such as the statute of limitations."); T & S Rentals v. United States, 164 F.R.D. 422, 426 (N.D.W.Va. 1996) (reasoning that "as long as the refilling of the claim eventually became time-barred, [plaintiffs] would always have 'good cause' for an extension.").

Because it is clear that Mr. Chen failed to show any good cause regarding his failure to effect service of process within the allowable time limit of 120 days, the Court grants Defendants' Motion to Vacate the April 16, 2012 Order, which granted Mr. Chen a sixty-day extension, and dismisses the case against all parties.*fn9

3. Motion for Leave to File Surreply

The Court denies Mr. Chen's Motion for Leave to File Surreply because he was afforded sufficient opportunity to contest the matters raised in Defendants' initial Motion.

Unless otherwise ordered by the court, surreply memoranda are not permitted to be filed. See Local Rule 105.2(a) (D.Md. 2011). "Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply." Khoury v. Meserve, 268 F.Supp.2d 600, 605 (D.Md. 2003) (citations omitted), aff'd, 85 F.App'x 960 (4th Cir. 2004).

In the Reply to Mr. Chen's Response to the Motion to Dismiss (ECF No. 18), Defendants merely respond to Mr. Chen's myriad justifications as to why good cause exists and the City Employees were properly served. In the Court's judgment, at no time did Defendants use the Reply to advance new arguments in support of their two primary contentions. Conversely, Mr. Chen's Motion for Leave to File Surreply rehashes arguments previously propounded in his Response to the Motion to Dismiss.

Thus, because Mr. Chen was afforded sufficient opportunity to contest the matters raised in Defendants' initial Motion, and because his Motion betrays his intentions to merely regurgitate old arguments, the Court hereby denies Mr. Chen's Motion for Leave to File Surreply. See Interphase Garment Solutions, LLC v. Fox Television Stations, Inc., 566 F.Supp.2d 460, 466 (D.Md. 2008) (denying motion for leave to file surreply where proposed surreply merely rebutted previously briefed matters).

III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, GRANT Defendants' Motion to Vacate Grant of Extension of Time to Effect Service of Process and to Dismiss the Complaint (ECF No. 14) and DENY Mr. Chen's Motion for Leave to File Surreply (ECF No. 19).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BOBBY CHEN, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. L-11-3227 |
| MAYOR AND CITY COUNCIL OF BALTIMORE et al., | * | |
| | * | |
| Defendants | | |
| | *** | |

## ORDER

On November 20, 2011 Plaintiff Bobby Chen filed a Complaint in the above-captioned suit. Mr. Chen was advised that he was responsible for effecting service of process on the Defendants, and that pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a, service must be made within 120 days of the filing of the Complaint. See Docket No. 5. Mr. Chen was also advised that if he failed to serve the Defendants or to file proof of service with the Court, he risked dismissal of his case.

The 120-day period lapsed on March 9, 2012. To date, the Court has no record that any Defendant has been served. Mr. Chen is, therefore, ORDERED TO SHOW CAUSE, within 21 days of the date of this Order, why his case should not be dismissed without prejudice for want of prosecution.

The Clerk is directed to MAIL a copy of this order to Mr. Chen at his address of record.

SO ORDERED this 22nd day of March, 2012

/s/

_____
Benson Everett Legg
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**BOBBY CHEN**                                        *
          Plaintiff                    *
     v.                                *          Civil Action No. L-11-3227
                                       *
**MAYOR & CITY COUNCIL OF BALTIMORE,** *
et al.                                 *
          Defendants                   *
                                      ***

## ORDER

In consideration of the Plaintiff's response (Docket No. 8) to the Court's Order to Show

Cause (Docket No. 7), it is this 16th day of April, 2012, hereby ORDERED that:

1. The Clerk shall RE-ISSUE summonses for all Defendants;

2. Plaintiff is granted 60 DAYS from the date of this Order to effect service of process;

3. Plaintiff is FOREWARNED that failure to effect service of process within 60 days will

   result in dismissal of his case without prejudice; and

4. The Clerk is directed to MAIL a copy of this Order to Plaintiff at his address of record.

                                        /s/
                              _____
                              Benson Everett Legg
                              United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOBBY CHEN,                              :

     Plaintiff,                        :
v.
                         :

MAYOR & CITY COUNCIL OF                      Civil Action No. GLR-11-3227
BALTIMORE, et al.,                       :

                         :

     Defendants.                       :

                         :

## ORDER

On November 20, 2011, Plaintiff Bobby Chen filed a Complaint in the above-captioned suit. (ECF No. 1). Mr. Chen was advised that he was responsible for effecting service of process on the Defendants, and that pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 103.8.a, service must be made within 120 days of the filing of the Complaint. (See ECF No. 5). Mr. Chen was also advised that if he failed to serve the Defendants and file proof of service with the Court, he risked dismissal of his case.

The 120-day period lapsed on March 9, 2012. After Mr. Chen made a showing of good cause on April 16, 2012, the Court re-issued the summonses (See ECF Nos. 9, 10) and granted Mr. Chen an additional 60 days to effect service of process. The 60-day extension lapsed on June 15, 2012. To date, the Court has no record that any Defendant has been served. In the Court's April 16, 2012 Order (ECF No. 9), Mr. Chen was forewarned that failure to effect service of process within

60 days would result in dismissal of his case without prejudice. Accordingly, it is hereby

ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to MAIL a copy of this Order to Plaintiff at his address of record.

Entered this 21st day of June, 2012

/s/
_____
George Levi Russell, III
United States District Judge

2

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**BOBBY CHEN**                                          *    **UNITED**

          **Plaintiff**                   2012 JUN 22  AM 10: 52    *    **STATES**

          **vs.**                    CLERK'S OFFICE
                                  AT BALTIMORE
                            BY_____ /s/ _____DEPUTY     *    **DISTRICT**

**BALTIMORE MAYOR & CITY COUNCIL**  *    **COURT**

          **Defendant**                                 *    Case Number: L11CV3227

                              *        *        *

## AFFIDAVIT OF SERVICE

I, Stephen Robinson, hereby certify that I executed service of process upon Baltimore Mayor and City Council, at 100 N Holliday St, Baltimore, Maryland 21202 on Tuesday June 12, 2012 at approximately 1:51PM by delivering and leaving with him the summons and complaint. I certify that I am over eighteen years of age and I am not the Plaintiff or Defendant.

I solemnly affirm under the penalties of perjury that the contents of the foregoing paper are true to the best of my knowledge, information and belief.

_Stephen Robinson_
Stephen Robinson
2503 Marbourne Ave
Baltimore MD 21230
(410) 523 5358

6/15/12
Date

# <u>CERTIFICTION OF SERVICE</u>

I hereby certify that, a copy of the foregoing INFORMAL BRIEF was served on the

Solicitor, at Law department of Baltimore City, 100 N. Holliday Street, Baltimore, MD

21202 via first class mail, postage prepaid, on 7/2/2013.

By

Bobby Chen
The Plaintiff of the
case 13-1375
bobchen344@yahoo.com

# CERTIFICTION OF SERVICE

I hereby certify that, a copy of the foregoing INFORMAL BRIEF was served on

Nesbitt, Kristen Nichole, One South Street, 20th Floor Baltimore, MD 21202 via

first class mail, postage prepaid, on 7/2/2013.

By *Bobby Chen*

Bobby Chen
The Plaintiff of the
case 13-1375
bobchen344@yahoo.com